578 A.2d 999

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF INSURANCE, and Constance B. Foster, Insurance Commissioner, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1990.

Decided July 25, 1990.

Robert E. Kelly, Jr., with him, David R. Morgan, Duane, Morris & Heckscher, Harrisburg (James R. Tuite, Munhall, Corporate Law Dept. of State Farm Ins. Companies, of counsel), for petitioner.

Zella M. Smith, Asst. Counsel, with her, Richard J. Enterline, Acting Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, for respondent.

Kevin W. Lee, Alan D. Hertzberg & Associates, Pittsburgh, for intervenor, Anthony Deramo.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

State Farm Mutual Automobile Insurance Company (petitioner) petitions for review from an order of the Insurance Commissioner (Commissioner) which ordered petitioner to reinstate the automobile insurance policy of Anthony DeRamo (intervenor). We vacate and remand.

On September 9, 1989, the petitioner notified the intervenor, pursuant to Act 78,[1] that it would not be renewing

1. Act of June 5, 1968, P.L. 140, *as amended,* by the Act of October 5, 1978, P.L. 1060, 40 P.S. §§ 1008.1–1008.11.

his automobile insurance policy on its anniversary date of November 30, 1989, because of two automobile accidents within 36 months of the anniversary date. The intervenor challenged the petitioner's notice of non-renewal and a Department official determined that the petitioner was justified in its decision not to renew the policy. This decision was appealed to the Commissioner who, on August 31, 1989, issued an order and adjudication finding that the petitioner's notice of non-renewal violated Act 78 and ordered the petitioner to reinstate the policy. The petitioner's petition for review was filed with this Court on September 22, 1989.

The petitioner notified the intervenor of its intention of non-renewal after the intervenor's son was involved in an accident on June 15, 1988, which resulted in a payment of $1,535.00 and a September 7, 1988 accident in which the intervenor struck a guard rail resulting in a $3,294.00 payment by petitioner.

The notice of non-renewal that the intervenor received stated the following:

Reason(s) for termination of insurance:

ANTHONY:

9/7/86—Hit guard rail—Car rental—$381.00—Collision—$2,913.00

3/25/86—Hit raised sewer—Collision—$1,925.00

9/4/83—Hit parked car—Property damage—$214.00

DION:

6/15/88—Changed lanes and struck two other cars—Car rental—$95.00—Property damage—$1,440.00

2/14/87—Struck two cars and left the scene—Property damage—$591.00

Upon receipt of this notice, the intervenor immediately notified the Insurance Department that two of the five accidents were on a different policy and one was not within the 36–month period as required by Act 78. After an investigation by the Department, the petitioner confirmed that only the September 7, 1986 and the June 15, 1988

accidents were being considered as the basis for non-renewal.

The Commissioner ordered the policy reinstated holding that the notice of non-renewal containing five accidents was over-inclusive and in violation of the specificity requirement of Act 78. Furthermore, the notice was insufficient, because it merely listed events and did not specify which of these events constituted the reason for non-renewal.

The issue for this Court to resolve is whether the petitioner, by including the three additional accidents, failed to satisfy the specificity requirements of Section 5 of Act 78.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are unsupported by substantial evidence. *Erie Insurance Exchange v. Commonwealth,* 129 Pa.Commonwealth Ct. 120, 564 A.2d 1312 (1989). The petitioner alleges that the Commissioner erred as a matter of law in holding that the non-renewal notice was insufficient, because it listed more information than that required by Act 78. Section 5 of Act 78, in pertinent part, states:

> That no cancellation or refusal to renew a policy of automobile insurance shall be effective unless the insurer shall deliver, to the named insured ... a written notice of the cancellation or refusal to renew. Such notice shall (3) state the *specific reason or reasons* of the insurer for cancellation or refusal to renew.

40 P.S. § 1008.5 (emphasis added).

The petitioner further claims that it has satisfied the dictates of 31 Pa.Code § 61.5(6) which provides that: "The reasons for a renewal shall be clear and complete. They shall be stated such that a person of average intelligence and education can understand them."

The petitioner maintains that these requirements have been satisfied because the record reflects that the intervenor was aware of the two accidents which were the basis

for the non-renewal because: (1) upon receipt of the non-renewal notice, intervenor called a representative of the Insurance Department to explain that, while the notice listed five accidents, only two were the basis of non-renewal; (2) that intervenor's counsel met with a representative of petitioner and was informed, prior to any hearing in this matter, which two accidents were the basis for the non-renewal notice; (3) that the previous year, intervenor had successfully challenged a similar non-renewal notice and, thus, was well versed in Act 78 procedures; and (4) that the over inclusiveness of the non-renewal notice was for the sake of thoroughness and in no way prejudiced the intervenor's ability to defend his rights under Act 78.

"Section 5(3) [of Act 78] requires an insurer to state in its notice of cancellation or non-renewal the specific reason or reasons of the 'insurer for cancellation or refusal to renew.'" *Perry v. Liberty Mutual Insurance Company*, 86 Pa.Commonwealth Ct. 400, 404, 485 A.2d 516, 519 (1984). Therein, the Commissioner held that the petitioner's non-renewal notice was invalid because it was not specific at the time of its issuance and, that informing an insured of the specific reasons for non-renewal after receiving notice, did not relieve the insurer of the burden of supplying the specific reasons for non-renewal in the notice.

Act 78 has, as its overriding principle, the protection of policyholders from improper non-renewals or cancellations by insurers. *Federal Kemper Insurance Company v. Commonwealth of Pennsylvania Insurance Department*, 509 Pa. 1, 500 A.2d 796 (1985). The record reflects that the notice received by the intervenor was sufficient to satisfy the specificity requirements of Act 78. The intervenor, upon receipt of the notice, contacted a Department official and informed him that the September 7, 1986 and June 15, 1988 accidents were the basis for non-renewal. Furthermore, in a letter requesting a continuance of the Departmental hearing, the intervenor's counsel listed the two accidents previously mentioned as the basis for the non-renewal notice. Moreover, the intervenor's counsel presented

a defense that the two accidents in question were not chargeable under Section 3(a)(13) of Act 78, 40 P.S. § 1008.3(a)(13).

It can hardly be argued that the notice of non-renewal was deficient to the effect that it failed to protect the intervenor from an improper renewal as required by *Federal Kemper.* The intervenor was informed of the basis of non-renewal and had ample opportunity and time to dispute the petitioner's claims.

The Commissioner ordered the policy reinstated on the basis of a defective notice and never ruled on the merits concerning whether the accidents in question were chargeable or excludable under Section 3(a)(13) of Act 78. "The insurer ... has the burden of proving compliance with the Act concerning non-renewal, such being that they must prove that there was more than one accident within thirty-six months of the anniversary date of a particular policy." *McDonnell v. Insurance Department,* 94 Pa.Commonwealth Ct. 381, 385, 503 A.2d 1042, 1044 (1986). While the Commissioner's adjudication states that the evidence submitted at the hearing indicates that the policy was terminated due to the September 7, 1986 and June 15, 1988 accidents, there is no specific finding of fact concerning whether these accidents are chargeable accidents under Section 3(a)(13) of Act 78.

Section 706 of the Judicial Code permits an appellate court to remand a matter for further proceedings that may be just under the circumstances. 42 Pa.C.S. § 706. When a record lacks findings of fact, such that it precludes a Court from exercising its appellate review, a remand is necessary. Therefore, a remand is required under these circumstances, for the specific purpose of allowing the Commissioner to make the ultimate determination of whether the two accidents are chargeable or excludable under Section 3(a)(13) of Act 78.

The Court wishes to emphasize that its decision is not based upon petitioner's argument that the intervenor was

well versed in the intricacies and language of Act 78, having successfully challenged a non-renewal one year prior to this incident. The regulations promulgated under Act 78 require that the reasons for non-renewal shall be clear and complete, such that a person of average intelligence and education can understand them. The notice in the instant matter satisfied the specificity requirements and informed the intervenor of the basis for non-renewal.

Accordingly, the order of the Commissioner is vacated and the matter is remanded for a disposition consistent with the foregoing opinion.

## ORDER

AND NOW, this 25th day of July, 1990, the order of the Pennsylvania Department of Insurance in the above-captioned matter is vacated and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.