637 A.2d 746

**Mark WESTERFER and Kathleen Gustin, Petitioners,**

v.

**INSURANCE COMMISSIONER OF PENNSYLVANIA, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Feb. 1, 1994.

Reargument Denied March 29, 1994.

Gerald A. Kinchy, for petitioners.

Scott M. Schwartz, Dept. Counsel, for respondent.

Matthew Chaball, III, for intervenor, State Farm Mut. Auto. Ins. Co.

Before CRAIG, President Judge, COLINS, J., and KELTON, Senior Judge.

COLINS, Judge.

Mark Westerfer (Westerfer) and Kathleen Gustin (Gustin) (collectively, petitioners) petition for review of an order entered on December 3, 1992 by the Insurance Commissioner of Pennsylvania (Commissioner), affirming the determination of the Pennsylvania Insurance Department (Department) that State Farm Insurance Company's (State Farm) nonrenewal of Gustin's automobile insurance policy, No. 664 1566–FO8–38D, did not violate the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act).

Petitioners are husband and wife residing in the same household, who filed: (1) an appeal from State Farm's September 23, 1991 cancellation of automobile insurance policy No. 584 2027–D28–380 on which both were named insureds and (2) an appeal from State Farm's September 26, 1991 nonrenewal of automobile insurance policy No. 664 1566–F08–38D on which only Gustin was named insured. Subsequently, petitioners withdrew the first appeal, leaving the nonrenewal of Gustin's policy as the sole subject of the present petition for review.

In the notice sent to Gustin, State Farm based its nonrenewal of her insurance on the then current license suspension of her husband, Westerfer, as a consequence of his: (1) driving without lights on August 10, 1990, resulting in a six-month license suspension effective December 3, 1990; (2) refusing to take a chemical test on June 9, 1991, resulting in a

one-year license suspension, effective September 20, 1991; and (3) careless driving on June 9, 1991, resulting in a 15–day add-on license suspension, effective September 20, 1992.

Petitioners appealed State Farm's nonrenewal of Gustin's policy to the Department which, on November 27, 1991, issued a determination that State Farm's action did not violate the Act. This determination was affirmed by the Commissioner in an order and adjudication dated December 3, 1992 that stated the following: "The Commissioner has held that nonrenewal of an automobile policy due to license suspension of one other than the named insured is a 'good reason' and is implicitly permitted by Sections 3(e)[1] and (f) [2] of the Act." Additionally, the Commissioner's adjudication noted that "when applying Sections 3(e) and (f), the suspension of driving privileges of an insured (not a named insured) is a permissible reason to nonrenew a policy if the suspension occurs within the 24 months preceding nonrenewal," as it does in the present case.

Petitioners aver that the Commissioner erred in affirming the Department's determination. They argue that Section 3(f) of the Act provides an insurance carrier with only a limited option to exclude a noninsured resident (in this case, Westerfer) from coverage under the policy but does not allow cancellation or nonrenewal of the named insured's policy. Additionally, petitioners, citing *Hallowell v. Insurance Department,*

1. Section 3(e) of the Act, 40 P.S. § 1008.3(e) provides, in pertinent part:

   (e) No insurer shall cancel or refuse to renew a policy of automobile insurance for two or fewer moving violations in any jurisdiction or jurisdictions during a twenty-four month period when the operator's record indicates that the named insured presently bears five points or fewer. However, this provision shall not apply under the following conditions:

   . . . .

   (2) The driver's license or motor vehicle registration of the *named insured* has been suspended or revoked except as provided in paragraph (3). (Emphasis added.)

2. Section 3(f) of the Act, 40 P.S. § 1008.3(f), provides as follows:

   (f) The applicability of subsection (e) to one, other than the named insured, who either is a resident in the same household or who customarily operates an automobile insured under the policy shall be proper reason for the insurer thereafter excluding such individual from coverage under the policy, but not for cancelling the policy.

105 Pa.Commonwealth Ct. 143, 523 A.2d 826 (1987), *petition for allowance of appeal denied sub. nom. State Farm Mutual Automobile Insurance Company v. Department of Insurance,* 517 Pa. 619, 538 A.2d 501 (1988), argue that the Commissioner's decision totally disregards the fact that Gustin, the named insured, has an excellent, unblemished driving record and that she is being unjustly penalized for her husband's driving record, which involved a completely different vehicle insured under a completely different policy. *See Travelers Indemnity Company of America v. Insurance Department,* 63 Pa.Commonwealth Ct. 542, 440 A.2d 645 (1981).

"This Court's scope of review of an order of the Insurance Commissioner is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or the findings of fact were not supported by substantial evidence." *Nationwide Mutual Insurance Company v. Foster,* 134 Pa.Commonwealth Ct. 585, 588, 580 A.2d 436, 438 (1990).

After review of the record, we find that the Commissioner's affirmance of State Farm's action is an error of law in violation of Section 3(a) of the Act.[3] Moreover, Sections 3(e) and 3(f) of the Act clearly do not sanction State Farm's nonrenewal, because Gustin and not her spouse, Westerfer, was the named insured on the subject policy with no violations against her driving record, and because, at most, Section 3(f) permits State Farm only to exclude Gustin's spouse from coverage on her policy but not to cancel or refuse to renew it.

In *Donegal Mutual Insurance Company v. Foster,* 148 Pa.Commonwealth Ct. 589, 612 A.2d 568, *petition for allowance of appeal denied,* 533 Pa. 614, 618 A.2d 403 (1992), this Court reaffirmed that:

The grounds upon which an insurer may refuse to renew an automobile insurance policy of an individual are carefully and clearly delineated by the Act. In general, an insurer

3. Section 3(a) of the Act, 40 P.S. § 1008.3(a) provides, in pertinent part:
(a) No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:
. . . .
(8) Marital status.

may refuse to renew a policy of an insured if the insured has been involved in two accidents within a thirty-six month period. 40 P.S. § 1008.3(b). However, an insurer may not use in his computations any accident that is considered excludable under Section 3(a) of the Act....

*Id.* 148 Pa.Cmwlth. at 592, 612 A.2d at 569.

We also concur with Gustin's argument that in her case, as in the similar fact scenario of *Hallowell,* the insurer acted on the erroneous rationale that "the insured entity is the entire family unit" and that, therefore, her spouse's license suspension is good reason not to renew her automobile policy regardless of her own excellent driving record. Analogously in *Hallowell,* Nationwide Mutual Insurance Company argued that when it determined whether to renew, it should be permitted to attribute a husband's accidents to his wife's policy. Disagreeing, this Court noted that the insurer should focus on the policy at issue and accidents related thereto, reasoning as follows:

Notwithstanding what Nationwide might or could have done with respect to payment of claims, it is undisputed that only one accident occurred under Jessica's automobile insurance policy, and that she was not involved in any of the other accidents. Pertinent to this matter is our decision in *McDonnell v. Insurance Department,* 94 Pa.Commonwealth Ct. 381, 503 A.2d 1042 (1986), where we held that an insurer bears the burden of proving that accidents occurring within thirty-six months of a policy's anniversary date occurred *under the same policy....* We stated ... that 'the Act discusses accidents occurring under "the policy," rather than "an individual's policies," thus clearly indicating the legislative intent that *each policy* is to be examined for the number of accidents occurring under *that policy,* rather than an examination of the number of accidents attributable to any individual.' Id. at 384, 503 A.2d at 1043 (Emphasis added.) It is clear, therefore, that McDonnell controls the outcome here.... It would contravene the terms and purpose of the Act to permit an insurer to rely upon accidents which did not occur under a policy as a basis for refusing to renew such a policy.

*Id.* 105 Pa.Cmwlth. at 149–50, 523 A.2d at 829. In the present matter, State Farm has the option of specifically excluding Gustin's spouse from coverage on her policy, which exclusion should sufficiently protect its interests while, at the same time, reflecting the Act's "overriding principle" to protect "policy-holders from improper non-renewals or cancellations by insurers." *State Farm Mutual Automobile Insurance Company v. Department of Insurance,* 134 Pa.Commonwealth Ct. 226, 230, 578 A.2d 999, 1001 (1990), *petitions for allowance of appeal denied,* 527 Pa. 595, 588 A.2d 915 (1991).

Based on the foregoing discussion, the order of the Commissioner is reversed, and we direct that State Farm reinstate Gustin's policy subject to, at State Farm's option, the exclusion of Westerfer from coverage thereunder.

## ORDER

AND NOW, this 1st day of February, 1994, the order of the Pennsylvania Insurance Commissioner in the above-captioned matter is hereby reversed, and State Farm Mutual Automobile Insurance Company is directed to reinstate petitioner Gustin's automobile insurance policy, No. 664 1566–FO8–38D, in a manner consistent with this opinion.