**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,**

v.

**DEPARTMENT OF INSURANCE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.
Decided Feb. 2, 1995.

---

Robert E. Kelly, Jr., for petitioner.

Christine Mullen, Dept. Counsel, for respondent.

Before COLINS, President Judge, and NEWMAN, J., and NARICK, Senior Judge.

COLINS, President Judge.

State Farm Mutual Insurance Company (State Farm) petitions for review of the June 3, 1994 order and adjudication of the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), reversing a determination by the Department of Insurance (Department) that State Farm's nonrenewal of Carolyn Y. Shenberger's (Shenberger) automobile insurance policy did not violate the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act 78).

Shenberger, the named insured under State Farm automobile policy No. 679 1941–D27–38A, resides at 122 Martin Street, Red Lion, Pennsylvania. In May of 1992, Shenberger asked her State Farm insurance agent to list Daniel Crowl (Crowl), a boarder in her home, as an additional insured under Shenberger's policy for the purpose of driving her vehicle during Shenberger's upcoming hospitalization. The record indicates that, from May 1992 to September 1992, Crowl drove the insured's vehicle.

On August 14, 1992, State Farm mailed a notice of nonrenewal to Shenberger, effective October 27, 1992, the anniversary date of the policy. The notice indicated the following reason for nonrenewal:

Daniel Crowl:

4/22/90—motorcycle accident

4/22/90—ARD—driving under the influence

8/14/90—license suspension for 3 months

6/26/91—license restored

Shenberger appealed State Farm's nonrenewal of her policy to the Department, which on September 23, 1992, issued an order that State Farm's nonrenewal decision did not violate Act 78. At Shenberger's request, a formal hearing was held on February 2, 1993 before a hearing officer appointed by the Commissioner. Shenberger testified that Crowl had been removed as an insured driver under her policy and that he did not have his own separate insurance coverage. On June 3, 1994, the Commissioner issued an order and adjudication reversing the Department's decision. The present petition for review followed.

■ Our scope of review of orders of the Commissioner is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the findings of fact are supported by substantial evidence. *Standard Fire Insurance Company v. Insurance Department,* 148 Pa.Commonwealth Ct. 350, 611 A.2d 356 (1992).

■ State Farm first alleges that the Commissioner's decision is erroneously based on State Farm's failure to prove that it had a "good reason" not to renew Shenberger's automobile policy, a requirement that, according to State Farm, was specifically rejected in *Aetna Casualty and Surety Company v. Commonwealth, Insurance Department,* 536 Pa. 105, 638 A.2d 194 (1994). In this regard, State Farm contends that an insurer's nonrenewal decisions are only disallowed when the reasons for them are "specifically excluded by Act 78." Further, State Farm maintains that the Commissioner erred in relying on this Court's decision in *Westerfer v. Insurance Commissioner of Pennsylvania,* 161 Pa.Commonwealth Ct. 568, 637 A.2d 746 (1994), which was limited to nonrenewals based upon marital status, a situation not relevant to the present case. State Farm additionally contends that the Commissioner's interpretation of Section 3(f) of Act 78, 40 P.S. § 1008.3(f), is erroneous in that it vitiates the 1990 amendments to Section 1718(c) of the Motor Vehicle Financial Responsibility Law (MVFRL), which specifically give an insured the option of requesting that a named driver be excluded from cover-

age on the subject policy.[1]  Finally, State Farm contends the Commissioner erred because Act 78 does not *expressly* prohibit an insurer from nonrenewing a policy because of the license suspension of a non-named insured who has the same residence as the named insured and who regularly drives the insured vehicle.

Upon review of the record, we concur with State Farm that the Commissioner erroneously relied upon *Westerfer* and failed to distinguish it from the present fact pattern. The parties in *Westerfer* were husband and wife residing in the same household, whereas Shenberger and Crowl share no marital relationship.  The result reached by this Court in *Westerfer* was based on the Commissioner's violation of Section 3(a) of the Act,[2] in sanctioning an insurer's nonrenewal of a wife's automobile policy because of her husband's poor driving record.  This Court therein stated:

> We also concur with Gustin's argument that in her case, as in the similar fact scenario of Hallowell, the insurer acted on the erroneous rationale that 'the insured entity is the entire family unit' and that, therefore, her spouse's license suspension is good reason not to renew her automobile policy regardless of her own excellent driving record.

*Id.* at 572, 637 A.2d at 748.  *Westerfer* reflects an awareness of Act 78's legislative intent and public policy considerations according some deference to marriage and the family in precluding an insurer from attributing one spouse's driving violations to the other spouse's policy for cancellation or nonrenewal purposes.

In the present case, Shenberger cannot enjoy the benefits of marital status where evidence of record fails to establish any marital relationship with Crowl.  During the February 2, 1993 hearing before the Department's presiding officer, Shenberger herself testified:

Q.  You said that he rents the room from you?

A.  Yeah, he helps me with the—I live in a very large house and I can't afford to pay all the bills, so he rents—I knew him for a long time.

Q.  I don't want to invade your privacy, but I have to determine whether he's a member of your household or not. Do you have a romantic relationship with him besides the sharing of expenses in your household?

A.  No.

Q.  Does he have separate living quarters from yours in the household or do you both share the entirety of the use of the home?

A.  The house we share, he has his own bedroom and I have mine.  It's a two bedroom house.

We further agree with State Farm's assertion that Section 3 of Act 78, 40 P.S. § 1008.3, presents an all-inclusive list of the specific reasons that an insurer may not use to cancel or refuse to write or renew an automobile insurance policy, none of which exist in the present case.  In this regard, pursuant to established principles of statutory construction, all provisions and words of a statute must be given effect; however, where the legislature has excluded specific language from a statute, the same should not be implied.  *Samilo v. Insurance Department,* 98

---

1.  75 Pa.C.S.A. § 1718(c) provides as follows:
    An insurer or the first named insured may exclude any person or his personal representative from benefits under a policy enumerated in section 1711 or 1712 when any of the following apply:
    (1) The person is excluded from coverage while operating a motor vehicle in accordance with the act of June 5, 1968 (P.L. 140, No. 78), [40 P.S. § 1008.1 et seq.] relating to the writing, cancellation of or refusal to renew policies of automobile insurance.
    (2) The first named insured has requested that the person be excluded from coverage while operating a motor vehicle.  This paragraph shall only apply if the excluded person is insured on another policy of motor vehicle liability insurance.

2.  Section 3(a) of the Act, 40 P.S. § 1008.3(a) provides, in pertinent part:
    (a) No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:
    . . . .
    (8) Marital status.

Pa.Commonwealth Ct. 232, 510 A.2d 412 (1986). The question of an insurer's nonrenewal was further clarified by our Supreme Court in *Aetna Casualty* wherein our Supreme Court stated that

> [a]n insurer's reason for nonrenewal, which is not specifically enumerated in Section 3, is not transformed into a violation of Act 78 upon the Insurance Commissioner's determination that an insurer failed to establish that the reason is related to a material increase in the risk of loss. Section 3 may be subject to expansion by the Legislature, but not by the Insurance Department or the judiciary.

*Id.* 536 Pa. at 116–17, 638 A.2d at 199.

Based on our review of the record and the foregoing analysis of relevant case law as related to Act 78, we find that the Commissioner erred in reversing the Department's decision. Accordingly, we reverse the Commissioner's order and reinstate the Department's September 23, 1992 determination that State Farm's nonrenewal of Shenberger's policy did not violate Act 78.

## ORDER

AND NOW, this 2nd day of February, 1995, the order of the Pennsylvania Insurance Commissioner in the above-captioned matter is hereby reversed, and the September 23, 1992 determination by the Insurance Department of the Commonwealth of Pennsylvania that State Farm Mutual Automobile Insurance Company's nonrenewal of Carolyn Shenberger's automobile insurance policy, No. 679 1941–D27–38A, did not violate Act 78, is reinstated.