**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Petitioner,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF INSURANCE, M. Diane Koken, Commissioner, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1998.

Decided Oct. 29, 1998.

Reargument Denied Dec. 15, 1998.

Robert E. Kelly, Jr., Harrisburg, for petitioner.

Michael F. Consedine, Harrisburg, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., *Senior Judge.*

State Farm Mutual Automobile Insurance Company (State Farm) petitions for review of an order of the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner) reversing the determination of the Insurance Department that State Farm's non-renewal of LuAnn Mylin's automobile insurance policy did not violate the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 108.1–1008.11 (Act 78).

LuAnn Mylin (Wife) and Bradley Mylin (Husband) married and began living together in August, 1992. Wife and Husband each owned separate vehicles. Wife's car was insured by State Farm and Husband's truck was insured by another company. When Wife married Husband, she informed her State Farm agent that Husband would not be added to her policy because he had his own insurance. Husband is not listed as a driver on Wife's policy, even though the policy is written to cover any permissive driver of her insured car.

On October 1, 1993, State Farm informed Wife of its intent not to renew her policy, effective December 13, 1993, citing Husband's driving record as the basis for the non-renewal of the policy. State Farm listed the following incidents involving Husband

02/17/91, driving under the influence violation

03/29/91, accident, leaving scene of accident violation and failure to yield violation

08/20/91, license suspension for 3 months

01/13/92, license suspension for 6 months.

Wife appealed to the Insurance Department which determined that State Farm may use Husband's driving record as a reason to lawfully non-renew Wife's policy under Act 78. Wife requested a formal hearing which was held on April 13, 1994. On January 2, 1998, the Commissioner issued an order and adjudication in which she concluded that "[a]n insurer may not refuse to renew a wife's automobile insurance policy due to the

license suspension of her husband who is not a named insured driver on the policy declarations page when both husband and wife have separate policies." Conclusion of Law No. 3. Accordingly, the Commissioner reversed the determination of the Insurance Department and directed State Farm to cease and desist from non-renewing Wife's automobile policy. State Farm now appeals to this Court.[1]

■ The standards governing the cancellation or refusal to write or renew automobile insurance are found in Section 3 of Act. 78, 40 P.S. § 1008.3. Section 3(a) lists specific reasons which are prohibited from being used by an insurer to cancel, refuse to write, or refuse to renew an automobile insurance policy. Pursuant to Section 3(a)(8), marital status may not be used as a reason to refuse to renew a policy of automobile insurance.

Further standards regarding the cancellation, refusal to write or refusal to renew are found in Sections 3(e) and (f). These Sections provide that:

(e) No insurer shall cancel or refuse to renew a policy of automobile insurance for two or fewer moving violations in any jurisdiction or jurisdictions during a twenty-four month period when the operator's record indicates that the named insured presently bears five points or fewer. However, this provision shall not apply under the following conditions:

. . . .

(2) The driver's license or motor vehicle registration of the named insured has been suspended or revoked. . . .

. . . .

(f) The applicability of subsection (e) to one, other than the named insured, who either is a resident in the same household or who customarily operates an automobile insured under the policy shall be proper reason for the insurer thereafter excluding such individual from coverage under the policy, but not for canceling the policy.

In her adjudication and order, the Commissioner relied on this Court's decision in

*Westerfer v. Insurance Commissioner,* 161 Pa.Cmwlth. 568, 637 A.2d 746 (Pa.Cmwlth. 1994), *petition for allowance of appeal denied,* 540 Pa. 625, 657 A.2d 495 (1995). In *Westerfer,* State Farm notified Kathleen Gustin that her automobile insurance policy would not be renewed based on the license suspension of her husband, Mark Westerfer. Gustin was the only named insured on the policy in question. The couple appealed to the Insurance Department which determined that State Farm's action did not violate Act 78. The Commissioner affirmed the Insurance Department's decision. On appeal, this Court reversed the order of the Commissioner, stating:

> After review of the record, we find that the Commissioner's affirmance of State Farm's action is an error of law in violation of Section 3(a) of the Act. Moreover, Sections 3(e) and 3(f) of the Act clearly do not sanction State Farm's nonrenewal, because Gustin and not her spouse, Westerfer, was the named insured on the subject policy with no violations against her driving record, and because, at most, Section 3(f) permits State Farm only to exclude Gustin's spouse from coverage on her policy but not to cancel or refuse to renew it.
>
> . . . .
>
> We also concur with Gustin's argument that in her case . . . the insurer acted on the erroneous rationale that 'the insured entity is the entire family unit' and that, therefore, her spouse's license suspension is good reason not to renew her automobile policy regardless of her own excellent driving record.

*Id.* 637 A.2d at 748. The Court went on to note that State Farm had the option of specifically excluding Gustin's spouse from coverage on her policy, which exclusion "should sufficiently protect its interest while, at the same time, reflecting the Act's 'overriding principle' to protect 'policyholders from improper non-renewals or cancellations by insurers.' " *Id.* 637 A.2d at 749 ( quoting *State Farm Mutual Automobile Insurance Co. v.*

---

1. Our scope of review of a decision of the Commissioner is limited to a determining whether constitutional rights have been violated, whether an error of law has been committed, or whether

necessary findings of fact are supported by substantial evidence. *Philadelphia County Medical Society v. Kaiser,* 699 A.2d 800 (Pa.Cmwlth. 1997).

*Department of Insurance*, 134 Pa.Cmwlth. 226, 578 A.2d 999, 1001 (Pa.Cmwlth.1990)).[2]

The facts presented in the case before us are identical to those in *Westerfer*. Thus, the doctrine of stare decisis applies. In *Commonwealth v. Tilghman*, 543 Pa. 578, 588 n. 9, 673 A.2d 898, 903 n. 9 (1996), the Pennsylvania Supreme Court articulated the principle of stare decisis as follows:

The rule of stare decisis declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different.

■ Stare decisis binds us to follow decisions of our own court until they are either overruled or compelling reasons persuade us otherwise. *County of Armstrong v. Workmen's Compensation Appeal Board (Ross and Borough of Kittanning)*, 81 Pa.Cmwlth. 474, 473 A.2d 755 (Pa.Cmwlth.1984). State Farm contends that the rule of *stare decisis* applies only where the original case was correctly decided. State Farm argues that the *Westerfer* decision was incorrectly decided because it is contrary to the express language of Act 78 and it is at odds with the Supreme Court decision in *Aetna Casualty & Surety Co. v. Insurance Department*, 536 Pa. 105, 638 A.2d 194 (1994).

We disagree that the *Westerfer* decision is contrary to the express language of Act 78. Section 3(a) of Act 78 specifically prohibits an insurance company from refusing to renew a policy due to marital status. The sole reason

given by the insurer in the *Westerfer* case for its decision to not renew the wife's automobile insurance policy was the driving record of her husband. Thus, the decision to not renew the wife's insurance policy was based on her marital status, a reason expressly prohibited by Section 3(a).[3]

State Farm also contends that the *Westerfer* decision is in conflict with the Supreme Court decision in *Aetna Casualty & Surety Co. v. Insurance Department, supra*. Again, we disagree. In *Aetna*, the insurance company developed a list of three groups of vehicles that Aetna's underwriters perceived as High Loss Potential Vehicles (HLPV).[4] The Insurance Commissioner determined that the use of the list to nonrenew insureds, who had maintained a policy with Aetna prior to purchasing vehicles on the HLPV list, was a violation of Section 3 of Act 78. On appeal, the Supreme Court rejected the Insurance Department's argument that Aetna's use of the HLPV list in refusing to renew insurance policies was a violation of Act 78. The Court stated:

Section 3 is a definitive, inclusive statement of the reasons forbidden to be used by an insurer to cancel or to refuse to write or renew an automobile insurance policy under Act 78. An insurer's reason for nonrenewal, which is not specifically enumerated in Section 3, is not transformed into a violation of Act 78 upon the Insurance Commissioner's determination that an insurer failed to establish that the

**2.** The *Westerfer* decision was also cited with approval in *Erie Insurance Co. v. Insurance Department*, 705 A.2d 937 (Pa.Cmwlth.1997). The Court in *Erie Insurance* stated:

Despite Erie's assertions to the contrary, the clear import of this Court's holding in *Westerfer* is that an insurance company is not statutorily permitted to cancel or refuse to renew a policy due to the license suspension or revocation of the insured's spouse when that spouse is not named on the policy.
*Id.* at 941.

**3.** State Farm contends that Commissioner's interpretation of Section 3(a) goes beyond prohibiting discrimination based on marital status and creates a special preference for marriage. In *State Farm Mutual Automobile Insurance Co. v. Department of Insurance*, 654 A.2d 303, 305 (Pa.

Cmwlth.1995), this Court interpreted *Westerfer* as reflecting "an awareness of Act 78's legislative intent and public policy considerations according some deference to marriage and the family in precluding an insurer from attributing one spouse's driving violations to the other spouse's policy for cancellation or non-renewal purposes."

**4.** Vehicles on this list included vehicles with top speed potential in excess of 140 mph and acceleration potential of zero to sixty mph in less than seven seconds; vehicles with top speed potential between 110 and 130 mph and acceleration potential of zero to sixty mph in eight to ten seconds; two-door sports cars, utility vehicles and pickup trucks with exposed seating; and vehicles with production rates of ten to fifty vehicles of a particular model per year that have a significantly higher than average cost of repair.

reason is related to a material increase in the risk of loss. Section 3 may be subject to expansion by the Legislature, but not by the Insurance Department or the judiciary.

*Id.* at 116–17, 638 A.2d at 199. Aetna was thus permitted to refuse to renew an automobile insurance policy based on the type of vehicle to be insured because Section 3 did not specifically prohibit this practice. On the other hand, an insurer is specifically prohibited by Section 3 from refusing to renew an automobile insurance policy based on marital status. The *Westerfer* decision is thus factually distinguishable from, and not in conflict with, the *Aetna* decision.

■ State Farm has advanced no compelling reason which would persuade us to depart from the reasoning in the *Westerfer* decision.[5] The rule of *stare decisis* thus applies. Because the facts in the case before us are substantially the same as those in *Westerfer,* the holding of *Westerfer* is controlling.

Accordingly, the order of the Commissioner is affirmed.

### ORDER

AND NOW, this 29th day of October, 1998, the order of the Pennsylvania Insurance Commissioner in the above-captioned matter is hereby affirmed.

---

5. State Farm also argues that the Commissioner's decision is contrary to a long series of decisions in which the Commissioner allowed the nonrenewal of a policy because of the license suspension of a spouse. It is well settled that administrative decisions have no precedential value before this Court. *Pittsburgh Stadium Concessions, Inc. v. Pennsylvania Liquor Control Board,* 674 A.2d 334 (Pa.Cmwlth.1996).