747 A.2d 355

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF INSURANCE, M. Diane Koken, Commissioner, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 16, 1999.

Decided Feb. 25, 2000.

Robert E. Kelly, Jr., Philadelphia, Douglas M. Wolfberg, Duane, Harrisburg, Morris and Heckschler, LLP, for State Farm Mut. Auto. Ins.

W. Christopher C. Doane, Marysville, Terry Keating, Harrisburg, PA Ins. Dept., for PA Insurance Dept.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## O R D E R

PER CURIAM:

Order affirmed.

Justice SAYLOR files a dissenting statement in which Justices ZAPPALA and CASTILLE join.

SAYLOR, Justice, dissenting.

The principal issue in this case involves the interpretation of Section 3(a) of Act 78,[1] 40 P.S. § 1008.3(a), which precludes an

---

**1.** Act of June 5, 1968, P.L. 140, No. 78, *as amended*, 40 P.S. §§ 1008.1—1008.11. Act 78 has since been repealed (effective August

insurer from refusing to renew an automobile insurance policy on the basis of certain specified factors, including age, race, color, creed, and, significantly, marital status. Act 78 does not define the term "marital status." When such term appears in an anti-discrimination statute, two interpretations are possible: a narrow one, in which the term is understood to denote the condition of being married or unmarried, and a broader one, in which the term is understood to encompass the identity and conduct of an employee's spouse. *See generally* KATRINA R. KELLY, MARITAL STATUS DISCRIMINATION IN WASHINGTON RELEVANCE OF THE IDENTITY AND ACTIONS OF AN EMPLOYEE'S SPOUSE, 73 Wash. L.Rev. 135 (January 1998).

In *Westerfer v. Insurance Comm'r*, 161 Pa.Cmwlth. 568, 637 A.2d 746 (1994), *appeal denied*, 540 Pa. 625, 657 A.2d 495 (1995), the Commonwealth Court implicitly adopted the broader interpretation when it held that non-renewal of an automobile insurance policy on the basis of the poor driving record of the policyholder's spouse violated Section 3(a)'s prohibition of non-renewal on the basis of marital status. *See also State Farm Mut. Auto. Ins. Co. v. Dept. of Ins. (Shenberger)*, 654 A.2d 303, 305 (Pa.Cmwlth.1995) (rejecting, on the basis of "Act 78's legislative intent and public policy considerations according some deference to marriage and the family," a claim that the non-renewal of an insured's policy based on the poor driving record of a fellow household resident who was *not* the insured's spouse was similarly discriminatory). In the present case, the Commonwealth Court relied on *Westerfer* to preclude State Farm from refusing to renew LuAnn Mylin's policy based on the poor driving record of her husband, Bradley Mylin.

In my view, *Westerfer* was wrongly decided and should be overruled. This Court has previously observed that "Section 3 is a definitive, inclusive statement of the reasons forbidden to be used by an insurer to cancel or to refuse to write or renew

16, 1998) by the Act of June 17, 1998, P.L. 464, No. 68, 40 P.S. §§ 991.2001—991.2013 ("Act 68"). The provisions of Act 68 and Act 78 are essentially identical with respect to the statutory language at issue.

an automobile insurance policy under Act 78. . . . [It] may be subject to expansion by the Legislature, but not by the Insurance Department or the judiciary." *Aetna Cas. and Sur. Co. v. Commonwealth, Ins. Dept.,* 536 Pa. 105, 116–17, 638 A.2d 194, 199 (1994). This cautionary observation argues against a broad interpretation of the subsections of Section 3(a). Section 3(a) is, simply, an anti-discrimination statute. Its language, like that of the federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, which forbids creditors from discriminating against applicants on the basis of marital status, "is simple, and its meaning is not difficult to comprehend," *Markham v. Colonial Mortgage Service Co. Associates,* 605 F.2d 566, 569 (D.C.Cir.1979). In its plain meaning, Section 3(a) merely provides that policyholders may not be treated differently on the basis of, *inter alia,* their marital "status"—that is, their "legal condition," BLACK'S LAW DICTIONARY 1419 (7ᵗʰ ed.1999), as married or unmarried. The decision of an insurer not to renew a policy because of the poor driving record of a household member who happens to be the insured's spouse does not constitute discrimination on the basis of marital status absent evidence that the insurer, in deciding whether to renew a policy, would ignore the poor driving record of a household member other than a spouse. *See generally Markham,* 605 F.2d at 569 (explaining that the federal Act forbids creditors "to treat persons differently, all other factors being the same, because of their marital status"). There was no such evidence presented in this case.

Thus, I respectfully dissent from the majority's decision to affirm the order of the Commonwealth Court.

Justices ZAPPALA and CASTILLE join this dissenting statement.