Robert **NEILSON** & Joan Neilson, Patricia LaBanc & Thomas LaBanc, Ken Zebrouvis & Jane Zebrouvis, Dan Mueller & Carolyn Kelly Mueller, Robert A. Dollinger & Annette R. Dollinger, Ruth C. King, David F. Garson & M. Rene Garson, Douglas D. Mitchell & Mary K. Mitchell, Rev. Dragau Filipovic & Mirjana Filipovic, Lundy S. Valentine, Stephen R. Sulentic & Alison M. Sulentic, Janet M. Sodini & Orlando R. Sodini, Cynthia Shay & William Shay, Carlo Petronio & Patricia Petronio, Edward F. Johnston

& Marjorie K. Johnston, Daniel J. Shaffer, III, Jeanne L. Shaffer, Gladys S. Klaber, Barbara S. Thompson, M. Anthony Wilhelm & Amy Wilhelm, David McNelis & Darice McNelis, George Strasbaugh & Jacquilin A. Strasbaugh, Dia Nguyen & Tinai Tran, Ann Castor, Robert X. Medonis & Mary Kathleen Medonis, Enigul SonmezAlpan, Norman J. Faett, III & Becky L. Faett, Theresa Carlisle, D. Vogel, Frank Taucher & Adrienne Taucher; James E. Traut & Catherine J. Traut, Richard D. Klaber & Judith B. Klaber, Appellants,

v.

ZONING HEARING BOARD OF THE MUNICIPALITY OF MT. LEBANON, and Reed B. Coyle.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 2001.

Decided Nov. 15, 2001.

John H. Rushford, Pittsburgh, for appellants.

Templeton Smith, Jr., Pittsburgh, for appellees.

Before DOYLE, President Judge, SMITH, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Robert Neilson and Joan Neilson, et al. (Appellants) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) which affirmed the decision of the Zoning Hearing Board of Mt. Lebanon (Board) granting variances to Reed Coyle (Coyle) from Sections 102 and 701.1.13 of the Mt. Lebanon Zoning Ordinance (Ordinance). The effect of the variances is to permit Coyle to construct a residential dwelling on his property even though the property does not front on a public road. We affirm.

The facts in this case as found by the Board are as follows. Coyle is the owner of property in an area of Mt. Lebanon zoned R–2, single family dwellings. The property is an unimproved parcel identified as Lot No. 765 in the Sunset Hills Plan of Lots No. 3 in the Allegheny County Recorder of Deeds Office. The lot is bounded on the west by Gypsy Lane, on the east by three lots and on each other side by other lots in the same plan. Gypsy Lane, dedicated for public use in the original plan, was never accepted by Mt. Lebanon and is a private street. Although Gypsy Lane is an improved road it is not improved to municipal standards. Because the Ordinance does not permit development of residential lots which do not front a public street, dedicated for public use and improved to municipal standards, Coyle applied to the Board for variances from sections 102 and 701.1.13 of the Ordinance. Section 102 of the Ordinance defines "lot" as follows:

Lot: any tract or parcel of land held in single or separate ownership which is or may be, occupied by a Main Building, and its Accessory Uses or Building, if any, together with open space required by this Chapter. .... A Lot shall front on a Public Street dedicated for Public Use and improved to Municipal Standards.

Section 701.1.13 of the Ordinance provides:

*Frontage on Public Street.* Each One Family Dwelling and Two Family Dwelling shall have a Lot Line, Front on a Public Street dedicated for Public use and improved to municipal standards. This regulation shall apply to One Family Dwellings and Two Family Dwellings located in a development consisting of Multi Family Dwellings and Townhouse Units in addition to aforesaid dwellings.

The Board conducted a hearing at which Coyle and Appellants testified and presented evidence. In its findings, the Board stated that the property was wholly adequate to allow for the construction of a dwelling but for the Ordinance requirement that the property front a public street, dedicated for public use and improved to municipal standards. Gypsy Lane, a privately maintained residential street, serves twenty-nine existing homes.[1] The Board considered the requirements that must be met in order to obtain a variance, which are as follows:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not by the circumstances or conditions generally created by the provisions of the zoning ordi-

1. The homes on Gypsy Lane were developed before the current Ordinance which prohibits development of residential lots which do not front on a public street.

nance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

Section 910.2 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended, added by* the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

■ The Board determined that Coyle met all of the above requirements for the grant of a variance. On appeal, the trial court affirmed. On appeal to this court, Appellants maintain that Coyle did not meet the requirements for a variance. Our review, where, as here, the trial court did not take additional evidence, is limited to determining whether the Board abused its discretion or committed an error of law or abuse of discretion. *Isaacs v. Wilkes–Barre Zoning Hearing Board,* 148 Pa. Cmwlth. 578, 612 A.2d 559 (1992).

Initially, we observe that Appellants do not take issue with the Board's finding that Coyle's property is landlocked because it does not front on a public street. Both *Filanowski v. Zoning Board of Ad-* *justment,* 439 Pa. 360, 266 A.2d 670 (1970), and *Malakoff v. Board of Adjustment of the City of Pittsburgh,* 72 Pa.Cmwlth. 109, 456 A.2d 1110 (1983), stand for the proposition that property which is landlocked, with no public street frontage exhibits a physical feature which can establish unnecessary hardship. Nonetheless, Appellants claim that such a physical feature, i.e., the fact that the property is landlocked does not distinguish Coyle's property from other lots in Mt. Lebanon, which similarly do not front a public street. We disagree. Coyle's property is unique in that Gypsy Lane, on which the property is located, already serves twenty-nine existing homes and the property itself is identified as a lot in the Sunset Hills Plan. Moreover, as found by the Board, the location, size and topography of the land are wholly adequate to allow the construction of a dwelling on the property, but for the Ordinance requirement that the property front on a public street.

■ In arguing that Coyle has failed to meet the hardship requirement, Appellants rely on *Sotereanos, Inc. v. Zoning Board of Adjustment of Pittsburgh,* 711 A.2d 549 (Pa.Cmwlth.1998), *petition for allowance of appeal denied,* 556 Pa. 699, 727 A.2d 1125 (1998). In that case, a restaurant owner needed fifteen parking spaces to expand his restaurant pursuant to a conditional use granted fifteen years earlier. Owner obtained additional nonadjacent property and requested dimensional variances in order to construct a parking garage. This court concluded that the owner was not entitled to the variances because owner failed to demonstrate any hardship with respect to the newly obtained property. There was no evidence that the property could not be used as a parking garage within the zoning code's dimensional requirements nor was there any evidence that the property could not be used for

any other use permitted in the district. Although owner may suffer a hardship because of his inability to expand his restaurant, this court held that the hardship must be shown to be unique to the property subject to the variance request. In the present case, Coyle requested a variance because he cannot use his property for any use permitted in the district. Unlike *Sotereanos*, there is evidence in the record supporting Coyle's hardship claim, i.e., that property cannot be developed for any use permitted in the district.

As to the second requirement, i.e., whether because of such physical circumstances the property cannot be developed in strict conformity with the Ordinance and that a variance is necessary for the reasonable use of the land, we observe that the only use permitted in the district is single-family dwellings. Without a variance Coyle cannot develop his property. Moreover, although Coyle meets all other requirements of the Ordinance, Coyle cannot develop his land in strict conformity of the Ordinance because Coyle's land does not front a public road.

■ Concerning the third requirement, we also agree with the Board that Coyle did not create the hardship. Namely, although Coyle acquired the property from his parents and neighbors, a purchaser's knowledge of zoning restrictions is insufficient to preclude the grant of a variance unless the purchase itself gives rise to the hardship. *N. Pugliese, Inc. v. Palmer Township Zoning Hearing Board*, 140 Pa. Cmwlth. 160, 592 A.2d 118 (1991).

■ We similarly agree with the Board that the variance will not alter the essential character of the neighborhood. Twenty-nine houses are already situated on Gypsy Lane. As such, the construction of another house would not alter the essential character of the already established residential neighborhood. In addition, con-struction of another home will not be detrimental to the public welfare. The purpose of a zoning ordinance requiring lots to front on a street is to protect the public by ensuring access by fire, police and emergency vehicles to the property and to provide reliable access to and from the property. *Glennon v. Zoning Hearing Board of Lower Milford Township*, 108 Pa. Cmwlth. 371, 529 A.2d 1171 (1987). As is evidenced by the record, fire, police and snow removal is already provided to the residents of Gypsy Lane. (R.R. 80a.) Hence, there are no concerns in this case that the condition of Gypsy Lane renders it inaccessible to emergency vehicles because such services are already provided.

As to the last requirement, we agree with the Board that the variance sought by Coyle is the minimum variance necessary which would afford him relief. As stated by the Board, the lot at issue is wholly adequate to construct a dwelling. Coyle is impeded from developing the land because Gypsy Lane is not a public street. Hence, a variance from the restriction that all lots front a public road, is the least variance necessary to afford Coyle relief.

■ Finally, Appellants reference a 1989 Board decision, *Helm*, which denied a variance to landowners who proposed to construct a house on a lot which fronted an unimproved road. We initially observe that administrative decisions have no precedential value before this court. *State Farm Mutual Automobile Insurance Company v. Department of Insurance*, 720 A.2d 1071 (Pa.Cmwlth.1998), *aff'd per curiam*, 560 Pa. 595, 747 A.2d 355 (2000). Nonetheless, we note that in that case, the landowners proposed to construct a home at the end of a 150 foot long, dedicated but unimproved extension of a public road. The Board concluded that landowners could improve the 150 foot public right-of-

way to meet the requirements of the Ordinance and made no finding as it did in this case that the property at issue was land-locked. As previously stated, the road at issue in this case is a private road, not a public road. As testified to by one of the appellants, it would be impossible to bring the road up to municipal standards because homes on the street would lose a significant portion of their yardage making it impossible for homeowners to enter or exit their driveways. (R.R. at 81a.) Additionally, the road at issue already services twenty-nine existing homes; such was not the case in *Helm*.

In accordance with the above, because Coyle met the requirements for the variances, the order of the trial court is affirmed.

### ORDER

Now, November 15, 2001, the order of the Court of Common Pleas of Allegheny County at No. S.A.2000–124, dated January 25, 2001, is affirmed.