**ANTER ASSOCIATES, Appellant**

v.

**ZONING HEARING BOARD OF CONCORD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 2013.
Decided Nov. 8, 2013.

Leslie M. Gerstein, Philadelphia, for appellant.

Kathryn Labrum, Media, for appellee.

BEFORE: LEADBETTER, Judge, SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Anter Associates (Anter) appeals from the April 29, 2013, order of the Court of Common Pleas of Delaware County (trial court), which affirmed the decision of the Zoning Hearing Board (ZHB) of Concord Township (Township). The ZHB had affirmed the decision of a zoning officer who refused to issue a sign permit to Anter because no special exception had been issued by the ZHB. We affirm.

Anter owns 2.25 acres of land (Property) on the north side of Baltimore Pike in the Township. The Property is in a C–2 Planned Business and Commercial zoning district (C–2 District). On October 18, 2007, Anter filed an application for a special exception (Application) with the ZHB to erect a 360–square–foot[1] billboard on the Property, as required by the Concord Township Zoning Code (Zoning Code) when requesting to construct a billboard in a C–2 District.

On November 21, 2007, after a hearing on the matter, the ZHB denied the Application. On January 3, 2008, Anter appealed the decision to the trial court, which affirmed.

Anter timely appealed the trial court's December 9, 2009, order to this court. On March 23, 2011, because Anter had not included a valid engineering certification with the Application as required by the Zoning Code, this court affirmed the trial court's order.[2] *Anter Associates v. Zoning*

---

1. We note that the ZHB described the billboard as being 300 square feet, but the trial court described it as being 360 square feet. (*Compare* Trial Ct. Op, 6/13/13, at 1, *with* ZHB's Decision, 12/9/09, at 3.) However, un- questionably, only one billboard is involved in this controversy.

2. Anter argued before this court that: (1) the ZHB erred by requiring Anter to comply with the special exception requirements in section

*Hearing Board of Concord Township,* 17 A.3d 467, 471 (Pa.Cmwlth.2011).

On May 27, 2011, Anter submitted a revised application for a sign permit to the zoning officer that included a valid engineer's certification. However, the zoning officer refused to issue the permit to Anter because no special exception had been granted by the ZHB.

Anter appealed the zoning officer's determination to the ZHB. On September 3, 2011,[3] the ZHB denied the appeal, noting that Anter needed a special exception, which the zoning officer could not issue.[4]

■ On September 13, 2011, Anter appealed the ZHB's decision to the trial court, which affirmed. Anter now appeals to this court.[5]

Anter argues that the ZHB and the trial court erred by concluding that the zoning officer could not issue a permit to erect a billboard where the ZHB had not granted a special exception. We disagree.

■ With respect to "Billboards and off premises signs," section 210–210.L(1) of the Zoning Code provides: "One billboard or off-premises sign may be erected, constructed or maintained on any premises in a zoned district if a special exception is granted by the [ZHB]." In accordance with the Zoning Code and section 909.1(a)(6) of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10909.1(a)(6),[6] only the ZHB is authorized to issue a special exception. Because Anter never received ZHB approval for a special exception, the zoning officer properly denied the sign permit. *See* section 614 of the MPC, 53 P.S. § 10614 ("The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance.").

Anter nonetheless argues that because it now possesses a valid engineering certificate, the defect in the Application has been

---

210–242.D(3) of the Zoning Code; (2) the ZHB erred by requiring Anter to submit a historic resource study; (3) the ZHB erred by requiring Anter to present a landscape buffer; and (4) the ZHB erred by requiring Anter to comply with section 210–210.L(8) of the Zoning Code by presenting an engineering certification. While this court agreed with Anter on the first three points, it disagreed on the fourth.

3. The ZHB issued its decision on September 21, 2011. The record is bereft of the September 3, 2011, order, and we surmise its existence only because the order is referenced throughout the ZHB's opinion and in the parties' briefs.

4. The ZHB offered to accept a new application for a special exception. However, Anter declined to file a new application for a special exception because, among other reasons, the Zoning Code had been changed during the pendency of the appeal. (*See* Trial Ct. Op., 6/13/13, at 8.) Section 210–210.L of the Zoning Code, which allowed "Billboards and off-premises signs" in a C–2 District provided the

ZHB granted a special exception, was repealed on December 18, 2012.

5. Where the trial court takes no additional evidence, our scope of review is limited to determining whether the ZHB committed an error of law or abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554, 462 A.2d 637, 639 (1983).

6. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202. Section 909.1(a)(6) of the MPC, added by the Act of December, 21, 1988, P.L. 1329 states:

(a) The zoning hearing board shall have *exclusive jurisdiction* to hear and render final adjudications in the following matters:
* * *
(6) Applications for *special exceptions* under the zoning ordinance or flood plain or flood hazard ordinance or such provisions within a land use ordinance, pursuant to section 912.1.

53 P.S. § 10909.1(a)(6) (emphases added).

cured, and therefore, Anter is entitled to a sign permit.

This court's March 23, 2011, order affirming the denial of Anter's Application for a special exception was a final order. That order does not specify that the Application should remain open or be amended, nor does it call for a remand. Thus, the un-appealed order of this court ended the litigation regarding the Application. Accordingly, Anter needed to apply again to the ZHB for a special exception. Instead, Anter applied for a permit with the zoning officer, who lacked authority to issue a permit absent a special exception from the ZHB.

Anter also argues that the trial court erred by not applying *stare decisis, res judicata,* and the law-of-the-case doctrine. We disagree.

■ "*Stare decisis* binds us to follow decisions of our own court until they are either overruled or compelling reasons persuade us otherwise." *State Farm Mutual Automobile Insurance Company v. Department of Insurance,* 720 A.2d 1071, 1073 (Pa.Cmwlth.1998), *aff'd,* 560 Pa. 595, 747 A.2d 355 (2000). Where a final valid judgment upon the merits has been rendered, *res judicata* is a bar to any future suit between the parties on the same cause of action. *Takacs v. Indian Lake Borough,* 10 A.3d 416, 418 (Pa.Cmwlth.2010). The law of the case "doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Starr,* 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995).

■■ Here, *stare decisis* is not applicable because neither the ZHB nor the trial court ignored or reformulated any precedent. *Res judicata* and the law-of-the-case doctrines do apply here, but only to the extent that they preclude us from re-addressing our prior affirmation, which closed the Application. The doctrines do not alter the fact that the zoning officer simply lacked authority to issue a sign permit without a special exception from the ZHB.

Accordingly, we affirm.

### ORDER

AND NOW, this *8th* day of *November,* 2013, we hereby affirm the April 29, 2013, order of the Court of Common Pleas of Delaware County.