### YORKTOWNE MUTUAL INSURANCE COMPANY, Petitioner,

v.

### INSURANCE DEPARTMENT, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1995.

Decided Aug. 7, 1995.

Leo E. Gribbin, for petitioner.

Lynne E. Fitzwater, Dept. Counsel, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Yorktowne Mutual Insurance Company (Yorktowne) petitions for review of the January 9, 1995 decision of the Insurance Commissioner, which found that Yorktowne violated Section 5(a)(9) of the Unfair Insurance Practices Act (Act)[1] when it cancelled the homeowner's insurance policy of its insured, John Lovelace. We affirm.

By Notice of Cancellation dated February 21, 1992, Yorktowne cancelled Lovelace's homeowner's insurance policy effective March 23, 1992. As the reason for the cancellation, Yorktowne cited a substantial increase in the hazards insured against caused by willful or negligent acts or omissions by the insured as evidenced by the insured's not repairing the poor physical condition of the sidewalks and injury to two persons. Lovelace appealed to the Insurance Department, which upheld the cancellation. Lovelace then requested a formal administrative hearing.

1. Act of July 22, 1974, P.L. 589, No. 205, *as amended,* 40 P.S. § 1171.5(a)(9).

At a hearing held in July 1992, Yorktowne presented evidence that it complied with the Act in cancelling Lovelace's policy. Yorktowne submitted evidence that a loss prevention inspection of Lovelace's property in June 1991, approximately six months after the homeowner's policy was issued, revealed that the sidewalks at the Lovelace property were broken, cracked, and uneven. Yorktowne notified the servicing agency, Watt Insurance, which twice communicated Yorktowne's request that Lovelace repair the sidewalks. In November 1991, the Watt agency notified Yorktowne that Lovelace agreed to repair the sidewalk in the spring of 1992. Yorktowne later received two claims for injuries caused by falls on the sidewalk in November and December of 1991. Yorktowne's executive vice-president in charge of the underwriting department testified that the claims resulting from the two falls prompted the cancellation.

Lovelace did not attend the administrative hearing, but in his request for administrative hearing, Lovelace noted that he had been a resident for only one year and that the sidewalk had been neglected for over 15 years. Yorktowne's vice-president testified that the June 1991 inspection was the first inspection of the property and that the company had no information as to the condition of the sidewalk when the policy was written.

The Insurance Commissioner concluded that Yorktowne had not met its burden of proving an increase in hazards caused by willful or negligent acts of the insured. The Commissioner noted that Yorktowne produced no evidence of a change in the condition of the sidewalks after the policy went into effect and that evidence of injury claims and violations of the borough code were immaterial to that issue.

■ Our review of the orders of the Commissioner is limited to determining whether findings of fact are supported by substantial evidence, whether errors of law were committed, and whether constitutional rights were violated. *Erie Insurance Exchange v. Insurance Department*, 129 Pa.Commonwealth Ct. 120, 564 A.2d 1312 (1989).

■ The Act prohibits persons engaged in the business of insurance from engaging in unfair or deceptive acts or practices, which include, in pertinent part,

> Cancelling any policy of insurance covering owner-occupied private residential properties or personal property of individuals that has been in force for sixty days or more or refusing to renew any such policy unless ... there is a substantial increase in hazards insured against by reason of wilful or negligent acts or omissions by the insured; ....

40 P.S. § 1171.5(a)(9).

In applying this subsection, this Court has reasoned that the phrase "increase in hazard" has a peculiar and appropriate meaning denoting an *alteration* or *change* in the condition of the property that tends to increase the risk. *J.C. Penney Casualty Insurance Company v. Department of Insurance*, 43 Pa.Commonwealth Ct. 360, 402 A.2d 558 (1979). The risk assumed by the insurer is not increased by the mere continuation of the conditions and uses existing at the time the policy was issued. *Id.* The record in this case contains no evidence of a change in the condition of the sidewalk during the time the policy was in effect. The record does tend to indicate that the sidewalk condition of disrepair existed long before.

Because Yorktowne failed to establish any increase in the hazards insured against, we affirm the Commissioner's order.

### ORDER

AND NOW, this 7th day of August, 1995, the order of the Insurance Commissioner in the above-captioned matter is affirmed.