**DONEGAL MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**INSURANCE DEPARTMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Oct. 21, 1998.

Matthew J. Creme, Jr., Lancaster, for petitioner.

Amy Griffith Daubert, Harrisburg, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Insurance Commissioner erred in stating that Donegal Mutual Insurance Company (Donegal) could have strengthened the presumption, under the "mailbox rule," that the notice it allegedly mailed was received if Donegal had presented evidence that the notice was not returned to sender. Because it did not, the decision of the Insurance Commissioner is affirmed.

The relevant facts are as follows. Donegal mailed two invoices to Michael and Holly Rothberg (the Rothbergs) with due dates of October 16 and November 3, 1995. Donegal mailed the invoices to collect additional premiums owed by the Rothbergs on their Donegal homeowners' insurance policy as a result of the September 1995 refinancing of their home mortgage. The Rothbergs, however, did not pay the invoices because the invoices contained a notice to disregard them if their mortgage company paid their premiums on their behalf from funds escrowed for that purpose.

Because the Rothbergs did not make the payment, Donegal allegedly mailed notices of cancellation to the Rothbergs and to Presidential Financial, the Rothbergs' mortgage company at that time, on October 25, 1995. In September 1995, the Rothbergs had refinanced their mortgage, which was previously held by Countrywide Funding, with Presidential Financial. Presidential Financial subsequently sold the mortgage to Countrywide Funding shortly thereafter.

In December 1995, Mrs. Rothberg lost a diamond from her engagement ring and made a claim with her Donegal insurance agent. The agent informed Mrs. Rothberg that the Donegal insurance policy had been cancelled as of November 30, 1995, due to non-payment of the additional premiums.

On February 5, 1996, the Rothbergs, pursuant to the Unfair Insurance Practices Act (Act),[1] requested the Insurance Department to review the cancellation of their policy. On February 12, 1996, the Insurance Department dismissed the Rothbergs' request for review as untimely. The Rothbergs appealed to the Insurance Commissioner who, by decision dated January 2, 1998, reversed the Insurance Department and held that Donegal never effectively cancelled the Rothbergs' insurance policy because the Rothbergs never received the required written notice of cancellation.

---

1. Act of July 22, 1974, P.L. 589, *as amended*, 40     P.S. §§ 1171.1–1171.15.

Prior to terminating a homeowner's insurance policy, the Act requires the insurance company to provide the insured with advance written notice. If written notice is not received by the insured, the cancellation is ineffective. Section 5(a)(9) of the Act, 40 P.S. § 1171.5(a)(9).

As stated, the issue in this appeal is whether the Insurance Commissioner misconstrued the "mailbox rule" in determining that the Rothbergs never received written notice of Donegal's cancellation, which was allegedly mailed on October 25, 1995.

■ Under the "mailbox rule," proof that a letter was properly mailed raises a rebuttable presumption that the letter was received. *Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Cmwlth. 624, 600 A.2d 633 (1991), *appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). Once this presumption is established, the party alleging that it did not receive the letter has the burden of establishing such, and merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt. *Samaras v. Hartwick*, 698 A.2d 71 (Pa.Super.Ct.1997).

Through witness testimony and documentation pertaining to their standard mailing practices, the Insurance Commissioner found that Donegal successfully established the presumption that it mailed the notice of cancellation and that it was received by the Rothbergs. However, the Insurance Commissioner then found that the Rothbergs successfully rebutted this presumption by credibly denying receipt of the notice and, more importantly, presenting corroborative testimonial evidence from a disinterested third party. Specifically, the Rothbergs presented the testimony of David Davitch, the president of Presidential Financial. Donegal allegedly mailed notices to both the Rothbergs and Presidential Financial, but Mr. Davitch testified that Presidential Financial, like the Rothbergs, never received the notice. The Insurance Commissioner considered Mr. Davitch's testimony highly credible and an excellent source of corroboration because Presidential Financial no longer held the Rothbergs' mortgage and thus had no stake in the outcome of this case.

■ On appeal,[2] Donegal argues that the following passage from the Insurance Commissioner's opinion constitutes a reversible error of law:

> Had Donegal produced testimony that the mailings were not returned to [Donegal], it would have [created] a stronger presumption that the Notice was received, since one of the possible scenarios (return to sender) would have been eliminated.

Donegal argues that the Insurance Commissioner misinterpreted the "mailbox rule" by requiring it to produce evidence that the notice of cancellation was not returned to sender.

The Insurance Commissioner, however, never required such evidence from Donegal nor did it impose a higher standard for Donegal to meet in order to establish the rebuttable presumption of receipt of the notice. On the contrary, the Insurance Commissioner merely stated that, had Donegal presented evidence that the notice was not returned to sender, the presumption of receipt would have been stronger and thus more difficult for the Rothbergs to successfully rebut. One possible scenario – return of the notice to Donegal – would have been eliminated and thus the presumption of receipt by the Rothbergs would have been strengthened. This was not an error of law. *See, e.g., Jensen v. McCorkell*, 154 Pa. 323, 26 A. 366 (1893) (rebuttable presumption of receipt may be strengthened by other evidence).

Accordingly, the decision of the Insurance Commissioner is affirmed.

### ORDER

AND NOW, this 21st day of October, 1998, the order of the Insurance Commissioner in

---

2. Our review is limited to determining whether errors of law were committed or constitutional rights violated and whether the findings of fact are supported by substantial evidence. *Novak v. Insurance Department*, 106 Pa.Cmwlth. 232, 525 A.2d 1258 (1987).

the above-captioned matter is hereby affirmed.