J-A19026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL J. PAUL | |
| Appellant | No. 3460 EDA 2015 |

Appeal from the Judgment of Sentence October 9, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000532-2015

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                        **FILED JANUARY 03, 2017**

Michael J. Paul appeals, *pro se*, from the judgment of sentence entered on October 9, 2015, by the Bucks County Court of Common Pleas, dismissing his summary appeal after he failed to appear before the trial court.  That same day, the court convicted Paul *in absentia* of operating a vehicle with a suspended registration.[1]  On appeal, Paul claims the court abused its discretion in dismissing his summary appeal because he was never notified of the date for the trial *de novo*.  Based on the following, we vacate and remand for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1371(a).  The court ordered Paul to pay costs and fines as his sentence.

The trial court set forth the factual and procedural background as follows:

On May 31, 2015, Corporal Michael Schum of the Bensalem Township, Bucks County, Police Department issued Citation No. C2413511-2 to Paul for operating a vehicle with a suspended registration, pursuant to 75 Pa.C.S. § 1371(a). On June 15, 2015, Paul entered a plea of not guilty. At the subsequent District Court hearing held on July 13, 2015, which Paul failed to attend, Paul was found guilty by Magisterial District Justice Joseph P. Falcone of that violation.

On July 24, 2015, Paul filed a Notice of Appeal from Summary Criminal Conviction. A hearing for summary appeals was scheduled for October 9, 2015, and the docket reflects that on September 2, 2015, a Notice of that hearing was sent to Paul at his address of record, which was 4407 Oakmont Street, Philadelphia, PA 19136.

At the scheduled hearing on October 9, 2015, Paul was again not present, although Corporal Schum was, and consequently this Court found Paul guilty in absentia, dismissed his appeal and sentenced him to pay the costs and fines.

Trial Court Opinion, 2/19/2016, at 1-2. This *pro se* appeal followed.[2]

In his sole issue on appeal, Paul contends the court abused its discretion in dismissing his summary appeal. He states he "was never notified of the trial de novo date and, had he been notified, was prepared to show that, at the time the citation was issued, his vehicle was fully insured and his registration should not have been suspended." Paul's Brief at

---

[2] On January 26, 2016, the trial court ordered Paul to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Paul filed a concise statement on February 10, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 19, 2016.

unnumbered 2. Relying on **Commonwealth v. Dixon**, 66 A.3d 794 (Pa. Super. 2013), he states a trial court must ascertain whether an absentee defendant, like himself, had adequate cause for his absence before a summary appeal may be dismissed. **Id.** Moreover, he states:

> At a re-trial of this matter Paul would be able to demonstrate that he received no notice of the October 9, 2015 trial date and, had he received notice, would have appeared and been able to demonstrate that his license should not have been suspended with testimony and documentary evidence.

**Id.** at unnumbered 3.[3]

Preliminarily, we observe that Paul's *pro se* brief fails to comply with the applicable Pennsylvania Rules of Appellate Procedure, insofar as it is lacking with respect to Pa.R.A.P. 2111(a)(1) (statement of jurisdiction), (a)(2) (order or other determination in question), (a)(3) (statement of both the scope and the standard of review), (a)(4) (statement of the questions involved), (a)(6) (summary of argument), (a)(10) (the opinions and pleadings specified in subdivisions (b) and (c) of the rule), and (a)(11) (a

---

[3] Paul alleges he had been unaware that his registration had been suspended until he received the vehicle citation. He avers he then contacted the Pennsylvania Department of Transportation ("PennDOT") and "learned that [PennDOT] had suspended his registration because his old insurance carrier (Geico) reported that his insurance was terminated on February 8, 2015 (which Paul requested) but that his new carrier (Amica) had not reported his purchasing of new insurance which began on February 9, 2015." Paul's Brief at unnumbered 1. Paul further states, "On the same day the citation was issued (and the first day that Paul had notice of the registration suspension because of the inadvertent 23 hour gap in coverage) Paul filed an affidavit with [PennDOT] averring that his vehicle had not been in use during the insurance gap." **Id.** at unnumbered 1-2.

copy of the statement of errors complained of on appeal). Paul also failed to attach a copy of the trial court's Rule 1925(a) opinion as required pursuant to Rule 2111(b).

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

**Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted).[4] While the defects in Paul's brief are substantial, they do not impede a meaningful review of the matter, and therefore, we will address his argument.

The standard of review regarding summary conviction appeals is well-settled:

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion.

---

[4] "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." **Commonwealth v. Gray,** 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985). As such, we cannot serve as Paul's counsel and litigate his claims for him.

***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002)

(internal citations and quotation omitted).

Pennsylvania Rule of Criminal Procedure 462 governs summary appeals, which states, in relevant part:

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> …
>
> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462(A), (D). Moreover, the comment to Rule 462 provides, in pertinent part:

> Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*. If the appeal is dismissed, the trial judge should enter judgment and order execution of any sentence imposed by the issuing authority.

Pa.R.Crim.P. 462, *comment*.

We also note:

> There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 720(D).

- 5 -

In *Marizzaldi*, *supra*, the defendant was found guilty in *absentia* of several summary offenses after he failed to appear at a *de novo* hearing. On appeal, the defendant attached an affidavit to his brief, asserting:

> [H]e arrived for his summary appeal hearing approximately ten minutes late and learned that his appeal had already been dismissed. He explain[ed] that he was delayed because he missed the bus and that he waited for the next available one, which arrived in the City of Pittsburgh a few minutes after his hearing was scheduled to begin. He also state[ed] that he was not given an opportunity to explain to the trial court the reason for his tardiness.

*Marizzaldi*, 814 A.2d at 251. A panel of this Court concluded the trial court made "no mention that a determination of the cause or duration of [the defendant]'s absence was made." *Id.* at 252. Consequently, the panel stated it was compelled to find that "the record does not establish an effort on the part of the trial court to make any such inquiry[.]" *Id.* Moreover, the court noted, "Th[e] failure to do so is contrary to the clear intent of the Rules and requires a remand for a trial *de novo*." *Id.*

More recently, in *Dixon*, *supra*, another panel of this Court found that *Marizzaldi* requires the following to determine whether a remand for a new summary appeal trial is necessary:

> (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

*Dixon*, 66 A.3d at 797.

In **Dixon**, the defendant explained in an affidavit that his failure to appear at the summary appeal hearing was involuntary because he initially went to the wrong location and then, after being given numerous erroneous directions, he went home and missed the trial. On appeal, the panel noted a conundrum with respect to summary appeal cases:

> The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance.

**Dixon**, 66 A.3d at 796-797. The panel then dismissed the matter, finding:

> Nothing in [the defendant]'s affidavit indicates that the circumstances causing his absence were beyond his control. [The defendant] was aware of the time, date, and location of the hearing. [The defendant] travelled to downtown Pittsburgh, but failed to report to the correct room, which was specified in his court papers. After a period of time, [the defendant] went home without making any attempt to contact the court. [The defendant]'s failure to locate the correct room for his hearing does not render his absence involuntary.

*Id.* at 798.

Turning to the present matter, as indicated above, Paul asserts his failure to appear at the summary appeal proceeding was the result of not receiving notification of the hearing.

- 7 -

In dismissing the summary appeal, the trial court opined:

Here, this Court observed that proper notice had been sent to Paul, as reflected by the docket entry indicating that the hearing for his summary appeal was scheduled for October 9, 2015, at 9:00 AM, and that notice of that hearing was mailed to him on September 2, 2015, to his address of record at 4407 Oakmont Street, Philadelphia, PA 19136. We further observed that the docket did not contain any subsequent entry reflecting the return of that notice, and we concluded that this was sufficient to trigger the presumption of receipt of notice by Paul.

While we are cognizant that post-trial motions are not permitted in summary appeals pursuant to Pa.R.Crim.P. 720(D), we nevertheless observed that in his Notice of Appeal Paul did not attempt to provide this Court with any valid reason for his failure to appear at the hearing or explain in an affidavit why his absence was involuntary and should have been excused. Paul merely asserted that he did not receive that notice, which we determined was insufficient in accordance with case law to overcome the presumption of receipt.

For example, in **Breza v. Don Farr Moving & Storage Co.**, 828 A.2d 1131 (Pa. Super. 2003), the Superior Court of Pennsylvania affirmed a judgment entered against an appellant in absentia after the trial court had determined that the appellant "failed to provide a satisfactory excuse for its non-appearance." The Superior Court observed that

[i]n making this determination, the trial court applied the mailbox rule. This rule provides that proof of a mailing raises a rebuttable presumption that the mailed item was received. **Samaras v. Hartwick**, 698 A.2d 71, 73 (Pa. Super. 1997). Furthermore, the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed. **Id.; see also Donegal Mutual Insurance Company v. Insurance Department**, 719 A.2d 825 (Pa. Cmwlth. 1998) (finding that merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt).

**Breza**, 828 A.2d at 1135. The Court concluded that "[Appellant's] mere assertion that notice was not received,

- 8 -

without corroboration, is insufficient to overcome the presumption. *Samaras*; *Donegal Mutual*, *supra*. Therefore, we agree with the trial court that [Appellant] failed to provide a satisfactory excuse for its failure to appear." *Id.*

[Paul] relies upon *Commonwealth v. Dixon*, 66 A.3d 794 (Pa. Super. 2013), and *Commonwealth v. Mesler*, 732 A.2d 21 (Pa. Cmwlth. 1999), for the proposition that a trial court's failure to determine if the defendant was absent from a hearing without cause before dismissing a summary case constitutes reversible error. Those cases, and companion cases such as *Commonwealth v. Parks*, 768 A.2d 1168 (Pa. Super. 2001), *Commonwealth v. Marizzaldi*, 814 A.2d 249 (Pa. Super. 2002), and *Symanski v. Dotey*, 52 A.3d 289 (Pa. Super. 2012), are distinguishable from the instant matter because either there was insufficient evidence to establish the presumption that notice was sent to, and received by, the appellant; the trial court failed to determine if a valid reason existed for the appellant's absence from the summary appeals hearing; or a reasonable explanation for the appellant's involuntary absence was subsequently suggested or presented.

Here, [Paul] simply asserted that he did not receive notice of the scheduled hearing. We observed, however, that he also failed to attend the initial summary hearing at the District Court, and the record was devoid of any suggestion for that absence. We also observed upon further review of the record that [Paul]'s Notice of Appeal and Statement of Matters contained an address under his signature that is markedly different from the address of record to which his Notice of hearing was sent.[1]

---

[1]    [Paul] signed his Notice of Appeal and Concise Statement of Matters with the address "10838 Harrow Road, Philadelphia, PA 19154," whereas the address of record to which the Notice was sent is "4407 Oakmont Street, Philadelphia, PA 19136."

---

[Paul] is statutorily required, pursuant to 75 Pa.C.S.A. § 1515, to notify the Pennsylvania Department of Transportation of a change in his address within fifteen days of that change.

> We can only presume in the instant matter that Paul failed to provide such notice since the address of record is different from the one he included with his signature on his Notice of Appeal and Concise Statement, and it is clear that under such circumstances he is therefore precluded from asserting a defense of insufficient notice. (*See e.g.*, ***Commonwealth v. McDonough***, 621 A.2d 569, 572 (Pa. 1993) ("a defendant's failure to notify PennDot of a change of address pursuant to 75 Pa.C.S.A. § 1515 precludes his or her reliance on the defense of insufficient notice."))[.]
>
> …
>
> This Court was unable to discern any valid reason for Paul's failure to attend his summary appeal hearing scheduled for October 9, 2015. We determined that official notice was sent to Paul's address of record and that no undeliverable return notice was received, which therefore established the presumption of receipt by Paul. We also observed that Paul is currently utilizing an address that is different from that of record, and as a consequence, he would be precluded from asserting a defense of insufficient notice.

Trial Court Opinion, 2/19/2016, at 4-7 (one footnote omitted).

We are compelled to disagree for several reasons. First, we note that similar to ***Marizzaldi***, the testimony from the *de novo* trial fails to demonstrate any court inquiry into the cause of Paul's absence. At the October 9, 2015, summary appeal hearing, the Commonwealth pointed out that Paul was not present. N.T., 10/9/2015, at 2. The court then stated the following: "Michael Paul. Michael Paul. I see no response. We find the defendant guilty in his absence." ***Id.***

Second, we find nothing in the certified record reveals that notice of the summary appeal hearing was sent to Paul. Contrary to the court's statement, the docket does not explicitly reflect that notice was sent to Paul.

It merely states: "Hearing Notice – 09/02/2015 – Court of Common Pleas – Bucks County." Summary Appeal Docket, Docket No. CP-09-SA-0000532-2015, at 2. Likewise, an actual copy of the notice sent to Paul was not included in the certified record.

Third, to the extent the trial court finds that pursuant to the "mailbox rule," it is presumed that Paul received notice of the *de novo* hearing and his mere denial is an insufficient rebuttal, we decline to agree. Pursuant to the mailbox rule,

> it is axiomatic that for the presumption of the receipt of a letter to be triggered, as a threshold evidentiary requirement, the party who is seeking the benefit of the presumption must adduce evidentiary proof that the letter was signed in the usual course of business and placed in the regular place of mailing …. "A presumption that a letter was received cannot be based on a presumption that the letter was mailed." **Commonwealth, DOT, Bureau of Driver Licensing v. Whitney**, 133 Pa. Commw. 437, 575 A.2d 978, 979 (Pa. Cmwlth 1990). "A presumption cannot be based on a presumption." **Id.**; **See also Paul v. Dwyer**, 410 Pa. 229, 188 A.2d 753, 756 (Pa. 1963) (where controverted factual issue exists as to whether letter has been mailed, there is no presumption applicable to this determination).

**Commonwealth v. Thomas**, 814 A.2d 754, 758-759 (Pa. Super. 2002). As such, the Commonwealth has the burden of proving that the mailbox rule is applicable.

Turning to the present matter, the record reveals the Commonwealth presented no evidence at the time of the dismissal of the summary appeal that it sent notice of the hearing to Paul. **See** N.T., 10/9/2015, at 2. Consequently, the Commonwealth has not met its burden in establishing

Paul received proper notice of the hearing. ***See Thomas***, 814 A.2d at 760 (concluding that "producing an untimestamped copy of a hearing notice contained in the Clerk of Court's file, and offering generic testimony as to the standard mailing practices for summary appeal hearing notices" in the county was insufficient).

Additionally, we find the court's reliance on ***Breza***, ***supra***, is misplaced. In ***Breza***, the issue was whether the appellant-defendant "received the notice of appeal and complaint, which listed the arbitration hearing date and included notice that if one or both parties failed to appear, the matter would be heard before a judge on the same date and time." ***Breza***, 828 A.2d at 1136. The applicable **local, civil county rule** required "the Prothonotary shall mail by first class a copy of the notice of appeal and the complaint and that **any return be noted on the court's docket**." ***Id.*** (emphasis added); ***see also*** Pa.R.C.P.D.J. No. 1005. On appeal, a panel of this Court concluded:

> [T]he docket reflects that the Prothonotary served [the appellant-defendant] the notice of appeal and a copy of the complaint by mail on November 27, 2000. There was no entry made on the docket that the notice or the complaint was returned. We find the entry on the docket was sufficient to establish these items had been mailed. As such, the proof of mailing raised the rebuttable presumption that the mailed item was received. Again, [the appellant-defendant]'s mere denial of receipt was not sufficient to overcome the presumption.

***Breza***, 828 A.2d at 1136.

Unlike **Breza**, our review of the present matter reveals **no local, criminal county rule** that requires a return notice of appeal be docketed, and neither the trial court nor the Commonwealth point to such a rule or requirement. Moreover, as indicated above, the docket does not reflect that the notice of the *de novo* hearing was mailed to Paul. Accordingly, we find **Breza** is not controlling here.

Lastly, the Commonwealth points out Paul did not attach an affidavit detailing the reason he failed to appear at the summary appeal hearing but instead, he "baldly asserts that he did not receive notice." Commonwealth's Brief at 8. Indeed, in both **Marizzaldi** and **Dixon**, the defendants provided a detailed explanation of the reasons for their absences.

Nevertheless, Paul's averment is substantially similar to the defendant's allegation in **Commonwealth v. Panto**, 913 A.2d 292 (Pa. Super. 2006). In **Panto**, which followed **Marizzaldi**, the defendant was cited for a summary offense, convicted by a district magistrate, and failed to appear at a requested trial *de novo*. On appeal, the defendant simply alleged that she did not receive notice of the hearing date in her concise statement in her appellate brief. **Panto**, 913 A.2d at 293. Without discussing the lack of an affidavit, a panel of this Court vacated the judgment of sentence and remanded the case for a new summary appeal hearing. As such, in the matter at issue, we find the absence of an affidavit of no consequence based on the specific facts of this case.

Accordingly, in the interests of justice, we conclude it is not clear from the record that Paul received notice of his summary appeal hearing based on the fact that the trial court dismissed his summary appeal without considering whether he had cause to justify his absence, and because the presumption that he received notice was improperly based on a presumption that notice was prepared and then mailed. *See Dixon*, *supra*; *Thomas*, *supra*. Moreover, Paul's claim that he did not receive notice of the summary appeal hearing presents a *prima facie* demonstration that there was a reason for his absence and that it was involuntary. *See Marizzaldi*, *supra*; *Dixon*, *supra*. Therefore, we vacate the judgment of sentence and remand for a new summary appeal hearing.[5]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017

---

[5] We highly recommend Paul: (1) provide the trial court with his current address; (2) notify PennDOT pursuant to Section 1515; and (3) obtain legal counsel to assist him in the summary appeal proceeding.